FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 13, 2019

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>LANIS R. METTEER and KIRK METTEER,<br><br>      Defendants. | NO: 1:17-CV-3162-RMP<br><br>ORDER OF SALE |

  BEFORE THE COURT is the Government's Motion for Order of Sale, ECF No. 16. The Government asks the Court to enter an order of foreclosure and judicial sale on the Subject Property, defined below, because Defendant Kirk Metteer was unable to privately sell the Property within the time previously ordered by the Court. ECF No. 13. Under 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court **grants** the Government's Motion for Order of Sale, **ECF No. 16**, hereby orders as follows:

  1. The parcel of real property upon which foreclosure is sought (the "Subject Property") is located in Klickitat County, Washington, and

ORDER OF SALE ~ 1

bears Klickitat County Parcel Number 021321530004000. The legal description of the Subject Property is as follows:

> LOT D, SHORT PLAT NO. 93-02, ACCORDING TO THE SHORT PLAT THEREOF, RECORDED IN BOOK 2, PAGE 194, KLICKITAT COUNTY SHORT PLAT RECORDS, BEING A PORTION OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 21, TOWNSHIP 2 NORTH, RANGE 13 EAST, OF THE WILLIAMETTE MERIDIAN, ALL IN THE COUNTY OF KLICKITAT, STATE OF WASHINGTON.

2. On September 5, 2014, the United States filed a Complaint against Lanis R. Metteer and potential creditors, to reduce to judgment the federal tax assessments against Lanis R. Metteer described more thoroughly in the Complaint, and to foreclose related federal tax liens on properties that Lanis R. Metteer owned in Oregon. *See* ECF No. 1 in *United States v. Metteer*, Case No. 3:14-cv-01438-HZ (D. Or. Sept. 5, 2014).

3. On September 18, 2015, the United States District Court for the District of Oregon entered judgment against Lanis R. Metteer and in favor of the United States in the amount of $1,739,208.42, plus interest thereon accruing from April 16, 2015, as provided by 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6621 and 6622. *See* ECF No. 30 in *United States v. Metteer*, Case No. 3:14-cv-01438-HZ (D. Or. Sept. 18, 2015).

4. The United States has valid federal tax and judgment liens for the unpaid assessments described in paragraphs 2 and 3, above, against all property and rights to property belonging to Lanis R. Metter.

5. The federal tax and judgment liens described in paragraph 4 attach to the Subject Property.

6. Section 7403 of Title 26 of the United States Code entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Lanis R. Metteer. 26 U.S.C. § 7403.

7. The United States' federal tax liens and judgment liens against the Subject Property are hereby foreclosed.

8. The United States Marshal for the Eastern District of Washington, his representative, or an Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property, free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sale as set forth in this Order.

9. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

10. The United States Marshal for the Eastern District of Washington, his representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property,

ORDER OF SALE ~ 3

including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until a deed to the Subject Property is delivered to the ultimate purchaser(s).

11. The terms and conditions of the sale shall be:

    a. Except as otherwise stated herein, the sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

    b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

    c. The sale shall be held at the courthouse of the county or city in which the Subject Property is located, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

    d. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Klickitat County, and, at the discretion of the Marshal, his representative, or a PALS representative, by any other notice deemed appropriate. The notice(s) of sale shall contain a description of the Subject Property and shall

contain the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale.

e. The sale of the Subject Property is ordered pursuant to 26 U.S.C. §§ 7402, 7403 and 28 U.S.C. §§ 2001, 2002. **State or local law notice requirements for foreclosures or execution sales do not apply to this sale under federal law**. **Redemption rights under state or local law do not apply to this sale under federal law**.

f. The minimum bid will be set by the IRS for the Subject Property. If the minimum bid is not met or exceeded, the Marshal, his representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder.

g. The successful bidder for the Subject Property shall be required to deposit at the time of the same with the Marshal, his representative, or a PALS representative, a minimum of ten percent of the minimum bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of Washington. Before being permitted to bid at the sale, bidders shall display to the Marshal, his representative, or a PALS representative proof that they are able to comply with this requirement. No bids will

ORDER OF SALE ~ 5

be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order.

    h. The balance of the purchase price for the Subject Property is to be paid to the Marshal, his representative, or a PALS representative (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of Washington.  If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the unpaid federal tax liabilities Lanis R. Metteer at issue herein.  The Subject Property shall again be offered for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder(s).  The United States may bid as a credit against its judgment without tender of cash.

    i. The sale of the Subject Property shall be subject to confirmation by this Court.  The Marshal or a PALS representative shall file a report of sale with the Court within thirty (30) days after the Clerk notifies the

United States that the balance of the purchase price has been received into the Court's registry.

 j. Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser(s).

 k. The purchaser(s) shall proceed to have the Klickitat County Auditor record the transfer of the Subject Property upon that county's register of title. The responsibility for recording the deed with the Klickitat County Auditor, and the payment of all costs, fees, and taxes of whatever kind related to the recording of such deed, shall be borne by the purchaser(s) as a term and condition of the sale.

 l. Upon confirmation of the sale, all interests in, liens against, or claims to, the Subject Property that are held or asserted by any and all parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished.

12. Until the Subject Property is sold, Lanis R. Metter, Kirk Metter, and any occupant of the Subject Property shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy. Lanis R. Metter, Kirk Metter, and any occupant of the property shall neither commit waste against the

Subject Property nor cause nor permit anyone else to do so.  They shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so.  They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.  **Violation of this paragraph shall be deemed a contempt of court and punishable as such**.

       13.    All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Property).  If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Subject Property is being conducted by a PALS representative.  Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order.  The United States Marshal is further authorized and directed to arrest and/or evict from the

premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order.  When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Subject Property, he/she shall relinquish possession and custody of the Subject Property to the Internal Revenue Service, or its designee.  No person shall be permitted to return to the Subject Property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Subject Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

14. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Subject Property is confirmed by this Court, the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court to the purchaser(s) thereof.

15. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove it and to dispose of it in any manner they see fit, including

ORDER OF SALE ~ 9

sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, and then to the outstanding liabilities at issue in this action.

16. The Marshal, his representative, or a PALS representative shall deposit the amount paid by the purchaser into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following partial order of preference until these expenses and liens are satisfied:

    a. First to the IRS, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Subject Property pending sale and confirmation by the Court;

    b. Second, to Klickitat County, for any and all liens it may have on the Subject Property for unpaid real property taxes or special assessments at the time of the sale;

    c. Third, to Kirk Metteer, in the amount of fifty percent (50%) of the proceeds of the sale of the Subject Property;

    d. Fourth, the United States, in the amount of the remaining proceeds up to the amount of the outstanding balance of the judgment entered against Lanis R. Metteer.

/ / /

/ / /

17. If there are any remaining proceeds after application of the foregoing paragraph, the Clerk shall retain such proceeds pending further application by the parties to this action.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** June 13, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER OF SALE ~ 11